SENTELLE, Chief Judge,
concurring:
I fully join in the resolution and reasoning of the opinion of the court. I write separately only to express my dismay at the events referenced in footnote 2 of that opinion. As NET has brought to the attention of the court, APCC, at the current stage of this litigation, has taken a “sudden reversal of its position that all of the funds from payphone litigation flow through to its payphone owner clients.” As the record in this litigation will sustain, NET is absolutely correct. APCC adhered to that position sufficiently strongly to occasion the considerable allocation of resources of this court to a divided opinion in APCC Servs., Inc. v. Sprint Commc’ns Co., L.P., 418 F.3d 1238 (D.C.Cir.2005). While the court divided on other questions as well, my entire dissent was devoted to the basic question: whether an aggregator has standing to sue when the assignment for purposes of collection results in complete remittitur to its principles with no retention by the aggregator. Id. at 1250-53. This was the position taken by APCC before us in that litigation and one which occasioned considerable devotion of the resources and time of the court.
More shockingly still, APCC defended that position through the rare grant of a petition for certiorari to its opponent on that very issue in Sprint Commc’ns Co., L.P. v. APCC Servs., Inc., — U.S. —, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008). It is difficult to imagine the cost in terms of the Supreme Court’s scarce resources occasioned by litigating what apparently was a false position on behalf of the winning litigant. What makes APCC’s bizarre conduct even more difficult to understand is that their litigation position in that case would have been stronger had they not taken the now-renounced position that they had no retainage in the assigned recovery. Their standing then would have been clear, and they not only would have prevailed anyway, they would have prevailed more quickly. Whether this strange litigation strategy constituted an apparently successful attempt to gain an advisory opinion for some other cause, I cannot know. However, I share the dismay of the litigant NET, mixed with a bewilderment as to why this came about.